**Electronically Filed
Intermediate Court of Appeals
28692
30-SEP-2011
08:50 AM**

NO. 28692


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ARLENE GLOWANIA-LARIMER, Plaintiff-Appellant/Cross Appellee, v.
JOSEPH W. LARIMER, Defendant-Appellee/Cross-Appellant


APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D NO. 05-1-0159)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Fujise and Reifurth, JJ.)

Plaintiff-Appellant/Cross-Appellee Arlene Glowania-Larimer (Wife) appeals from the July 16, 2007 judgment of the Family Court of the Second Circuit (family court)[1] granting her divorce from Defendant-Appellee/Cross-Appellant Joseph W. Larimer (Husband).  Wife also appeals from the family court's dismissal with prejudice of Wife's third-party Complaint Against Indispensable Party Louie Van Larimer (Father).  Husband cross-appeals from the family court's judgment granting divorce.

## Background

Husband and Wife became romantically involved beginning in 1981.  Their daughter was born on January 11, 1992.  In August 1992, Husband and Father acquired a property in Haiku, Maui (Haiku property) as joint tenants and were jointly responsible for the mortgage.  Husband and Wife were married approximately three months later in November 1992.  Wife's name was never added

---

[1]     The Honorable Eric G. Romanchak presided.

to the title as an owner of the Haiku property. On April 8, 2005, Wife initiated divorce proceedings and, in May 2005, moved with the daughter to Nevada. Wife failed to move forward with the divorce and, consequently, the family court entered a Notice and Order of Dismissal for Want of Prosecution of Wife's second complaint for divorce on May 25, 2006. Husband claims he sold his interest in the Haiku property to Father in July 2005 for $20,000 after visiting Wife in Nevada and informing her of his intent to sell the Haiku property. Husband and Wife filed a joint tax return acknowledging the $20,000 Haiku property sale in April 2006.

On June 14, 2006, Wife filed a motion to reinstate her divorce complaint. Wife alleged that she was entitled to $285,439 as her one-half share of the Haiku property's estimated value. Upon Wife's June 16, 2006 motion, the family court entered an order enjoining and restraining Husband from disposing any of his real or personal property except as necessary until further order of the court.

On June 29, 2006, Husband signed and delivered a quitclaim deed of real property to Father, as grantee, conveying the Haiku property to Father in exchange for $10 consideration. This deed was executed without the knowledge or consent of Wife. On July 6, 2006, Husband filed his responsive Position Statement contending that the former marital residence was now the property of Father. Additionally, Husband contended that Wife was entitled to $10,000, half of the proceeds of the July 2005 $20,000 sale of Husband's interest to Father. On December 14, 2006, Wife filed a complaint against Father as an indispensable party, alleging that Father was an "accommodation party" for the original purchase of the Haiku property.

Following hearings, the family court found that the parties had no interest in any real property and thus issued no order on this matter. The family court granted the divorce and awarded alimony to Wife in the amount of $850 per month until December 2022 and awarded child support to Wife in the amount of

$630 per month as provided by the then-controlling 2004 Hawai'i Child Support Guidelines. The family court dismissed Wife's third-party complaint against Father, ruling that Wife failed to raise "any of the issues set forth in her Complaint Against Indispensable Party" and "failed to present any witness testimony or any other evidence to prove any of the allegations set forth in her Complaint Against Indispensable Party" with regard to Father.

On appeal, Wife argues (1) that the Haiku property is marital property subject to division and she is thus entitled to one-half of Husband's interest in the property and (2) that the family court erred in dismissing her complaint against Father as an indispensable party. Husband, in his cross-appeal, argues that (1) the family court erred in reaching its alimony award and (2) erred in its child support calculations.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the parties' points of error as follows:

(1) As a preliminary matter, Wife's briefs do not adhere to Hawai'i Rules of Appellate Procedure (HRAP) requirements on several grounds. First, Wife has failed to serve Father or his counsel, as required under HRAP Rule 25(b). Additionally, Wife has failed to include with her Opening Brief copies of the lower court judgment, the order dismissing her complaint against Father, and the findings of fact and conclusions of law, as required under HRAP Rule 28(b)(3) ("There shall be appended to the brief a copy of the judgment, decree, findings of fact and conclusions of law, order, opinion or decision relevant to any point on appeal, unless otherwise ordered by the court"). While this court could affirm the family court's judgment on this basis alone, in light of Hawai'i appellate court's policy of deciding cases on the merits where possible, we consider Wife's points on the merits. See Hous. Fin. & Dev. Corp. v. Ferguson, 91 Hawai'i 81, 85-86, 979 P.2d

3

1107, 1111-12 (1999). We caution that the future violation of court rules may result in sanctions.

(2) The family court's determination, that Wife failed to present sufficient evidence that Husband transferred property in violation of the family court's pre-decree order, is supported by our review of the record. Because the family court did not err in determining that Husband did not own real property at the time of the hearing, it was correct in ruling that there was no real property in the marital estate subject to division. See Schiller v. Schiller, 120 Hawai'i 283, 308, 205 P.3d 548, 573 (App. 2009) (stating that a court cannot divide property the parties do not own at the time of its decree).

(3) The family court did not err in dismissing Wife's complaint against Father as an indispensable party. "As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases." State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003). The lower court found that Wife "rested her case at trial: 1) without raising any of the issues set forth in her Complaint Against Indispensable Party; and 2) having further failed to present any witness testimony or any other evidence to prove any of the allegations set forth in her Complaint Against Indispensable Party . . . ." Although Wife challenges these findings in her points on appeal, her failure to present argument in support constitutes a waiver. HRAP Rules 28(b)(7) and 30. See also Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawai'i 438, 478-79, 164 P.3d 696, 736-37 (2007).

(4) Husband claims that the family court clearly erred in calculating his gross monthly income as $6,163 and that the only evidence as to his most recent gross income indicated a $5,916.67 per month figure. Husband stated his gross monthly income as $6,163 in both his June 5, 2007 Proposed Judgment and

his August 27, 2007 Proposed Findings of Fact and Conclusions of Law. The family court did not err in calculating Husband's gross monthly income.

(5) Husband argues that the family court abused its discretion in awarding alimony retroactively from August 2006. Specifically, he claims that the family court, in its FOF No. 42, stated that it was appropriate to award Wife alimony for a period of 15 years, but that the judgment awards alimony for a period of over 17 years given the retroactive application. Contrary to Husband's representations, the family court did not, in articulating "a period of 15 years" for alimony, state that this period meant 15 years total. Regardless, Husband offers no authority or other argument demonstrating how the retroactive alimony award constitutes an abuse of discretion.

(6) There is nothing in the record to suggest that the family court relied on evidence of spousal abuse in calculating alimony, or in any other aspect of its judgment. While the family court allowed testimony regarding abuse to be admitted based on Wife's attorney's proffer that the evidence was relevant to the issue of alimony, the family court made no finding that abuse had occurred nor did it state this evidence was considered in making its alimony award. A Court is presumed to disregard incompetent evidence. In re Doe, 107 Hawaiʻi 439, 450, 114 P.3d 945, 956 (App. 2005).

(7) Husband contends that the family court improperly calculated child support by neglecting to account for his alimony payments. Husband is correct that, in calculating child support under the Child Support Guidelines, spousal support obligations must be subtracted from the paying parent's monthly income and added to the recipient parent's monthly income. See Hawaiʻi State Judiciary, Instructions for the 2004 Child Support Guidelines 5 (2004), http://www.state.hi.us/jud/Oahu/Family/

.

2004csg/2004csg_instructions.pdf, reprinted in 1 Hawaii State Bar
Association, 2005 Hawai'i Divorce Manual, § 4, App. 3 (7th ed.
2005).

Therefore,

IT IS HEREBY ORDERED that the judgment entered on
July 16, 2007 by the Family Court for the Second Circuit is
vacated with regard to the child support award and remanded to
the family court to recalculate Husband's child support
obligations in accordance with the 2004 Child Support Guidelines.
In all other respects, the judgment is affirmed.

DATED:   Honolulu, Hawai'i, September 30, 2011.

On the briefs:

James A. Stanton,
for Plaintiff-Appellant/Cross
Appellee.

Chief Judge

Elizabeth C. Melehan,
for Defendant-Appellee/Cross-
Appellant.

Associate Judge

Associate Judge

6